Douglas R. MacLeith SBN 142545
438 E. Katella Avenue, Suite 208
Orange, CA 92867
Tele: (714) 847-6041
Email: dmacleith.rmslaw@earthlink.net

Attorney for plaintiff
Al Kau

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| AL KAU, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TIMOTHY LAWRENCE MATTHEWS, JR., an individual; MARSHALL W. DOOLEY, an individual; and DOES 1 through 100.<br><br>　　　　　Defendants. | Case No.  8:23-cv-02082<br><br>COMPLAINT TO SET ASIDE VOIDABLE TRANSACTIONS AND FOR DAMAGES<br><br>Demand for Jury Trail |

　　　　The plaintiff Al Kau alleges the following against the defendants Timothy Lawrence Matthews, Jr., Marshall W. Dooley, and Does 1 through 100:

**The Parties, Jurisdiction and Venue**

　　　　1.　　The Plaintiff Al Kau is an individual residing in Dana Point, California, County of Orange.  Al Kau is a citizen of California.

　　　　2.　　The defendant Timothy Lawrence Mattews, Jr. is an individual residing in

-1-

Clemmons, North Carolina.  The defendant Matthews is a citizen of North Carolina.

3.     The defendant Marshall W. Dooley is an individual residing in Texas.  The defendant Dooley is a citizen of Texas.

4.     The Does 1 through 100, inclusive, are defendants whose identities have not yet been ascertained. They are individuals, partnerships, corporations, or some other business entities with citizenship in states other than California. Upon information and belief, each Doe defendant was somehow responsible for the damages caused in this case. As soon as the true identities and capacities of the Doe defendants have been ascertained, this complaint will be amended to reflect the true names and capacities of each Doe defendant.

5.     The matter in controversy exceeds $500,000.00.

6.     The claim in this matter is between citizens of different states with the amount in controversy exceeding $75,000.00. The court has jurisdiction over the subject matter of the claim under 28 USC Section 1332. Venue is proper in this judicial district under 28 USC Section 1391(b)(1) and 28 USC 1391(b)(3) in that the claims arise in this judicial district as the defendants' activities defrauded and harmed the plaintiff in this Venue and the property loss occurred in this venue and other grounds for Venue do not exist.

FIRST CAUSE OF ACTION

(To Set Aside Voidable Transactions and for damages, against all defendants)

7.     Plaintiff incorporates all the forgoing paragraphs as if set forth in full.

8.     At all times mentioned herein, the plaintiff has been the holder of a certain claim against XCPCNL Business Services Corporation, ("XCPCNL") a Delaware Corporation. XCPNL was formerly known as Vital Products, Inc. The plaintiff obtained a California Superior Court judgment against XCPCNL. The California judgment was entered in Orange County, case No 30-2018-01033754-CU-BC-CJC.  The amount of the judgment is $424,029.19.  Judgment

Rogers, MacLeith & Stolp, LLP
10061 Tallbert Avenue, Suite 390
Fountain Valley, CA 92708

was entered January 2, 2018.  That judgment was later entered in Texas, Dallas County, 116th Civil District Court, Case No DC-20-06498. The judgment was based upon a failure to pay money due on promissory notes.

9. On or about October, 2021, the defendants became persons controlling the financial and business transactions of XCPCNL, and the assets of the company, either directly or indirectly through entities that the defendants owned and/or controlled.

10. Prior to the defendants taking control, XCPCNL was solvent and had adequate resources for satisfying the plaintiff's judgment.  The plaintiff is informed and believes that included among the assets of XCPCNL were holdings of multiple subsidiary companies that generated revenue for XCPCNL.   Upon the change of control, the defendants transferred away the company assets, either to themselves or the entities that they owned or had interest in, and this was done as part of an intentional plan to strip XCPCNL of all its assets, including property, equipment, stock holdings and cash, and thereby leave it insolvent.

11. The defendants have since taken active steps to hide the transactions.  On March 30, 2023 the Civil District Court in Dallas County Texas ordered responses to post-judgment interrogatories served on XCPCNL, through its officer Tim Matthews or other agent.  The answers would disclose all the transactions and activities undertaken by the defendants for XCPCNL.   The defendants, being in control of  XCPCNL, have refused to comply with the court's order. The plaintiff is informed and believes that through the actions of the defendants XCPCNL's assets have been completely taken without adequate consideration be given in return.

12. The plaintiff is informed and believes that the transfers of assets took place according to a plan that was done with actual intent to hinder, delay, or defraud the plaintiff in the collection of the amount due to him.

13. The defendants did the acts and things herein alleged pursuant to, and in furtherance of, a conspiracy agreement, whereby the defendants agreed and knowingly conspired between themselves to defraud the plaintiff in the collection of his claim against XCPCNL.

14. As a proximate result of the wrongful acts herein alleged, the plaintiff has been damaged in the amount exceeding $550,000.00.

15. At all times mentioned herein, the defendants knew of the plaintiff's claim against XCPCNL and knew the plaintiffs' claim could only be satisfied out of the property transferred by the defendants. Notwithstanding this knowledge, the defendants intentionally, willfully, fraudulently, and maliciously did the things herein alleged to defraud and oppress plaintiff. Plaintiff is therefore entitled to exemplary or punitive damages.

**DEMAND FOR JURY TRIAL**

The plaintiff demands that the trial be heard by jury.

WHEREFORE, plaintiff prays for judgment as follows:

1. That the transfers to the defendants be set aside to the extent necessary to satisfy plaintiff's judgment in a sum to be proven at trial, with interest thereon at the rate of 10% per annum;
2. That the defendants be required to account to the plaintiff for all profits and proceeds earned from or taken in exchange for the property taken;
3. For exemplary or punitive damages;
4. For costs of suit incurred herein;
5. And for such other and further relief as the court may deem proper.

                                                                                                                        /s/ Douglas MacLeith\
                                                                                                                       Douglas MacLeith\
                                                                                                                       Attorney for the plaintiff Al Kau

*Rogers, MacLeith & Stolp, LLP*
*10061 Tallbert Avenue, Suite 390*
*Fountain Valley, CA  92708*

Complaint